**Robert Angel ROSALES, Petitioner—Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Department of Corrections Director, Respondent—Appellee.**

No. 04–55669.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2005.*

Decided Sept. 15, 2005.

David J. Zugman, Esq., Law Offices of David J. Zugman, San Diego, CA, for Petitioner—Appellant.

Robert Angel Rosales, Imperial, CA, Carl H. Horst, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before: WALLACE, SILVERMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Rosales appeals from the district court's denial of his petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Pursuant to the Anti–Terrorism and Effective Death Penalty Act of 1996, habeas relief may not be granted unless the state court adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Rosales contends that the trial court should have instructed the jury pursuant to CALJIC No. 8.73 in order to ensure that the prosecution's burden of proving specific intent was not "effectively lessened." However, the California Court of Appeal held that the trial court clearly instructed the jury that it should consider "all of the evidence"—including evidence of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

intoxication—in determining whether Rosales had the specific intent to kill. This was not contrary to or an unreasonable application of federal law. *Cf. Henderson v. Kibbe*, 431 U.S. 145, 156, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (habeas petition denied where "jurors would have responded to [the omitted instruction] consistently with their determination of the issues that were comprehensively explained" in the remaining instructions).

Rosales' ineffective assistance claim likewise fails. The Court of Appeal held that counsel could have reasonably concluded that the instructions as given were adequate, and in light of the compelling evidence of specific intent, there is no reasonable probability that the omission of CALJIC No. 8.73 was prejudicial. This too was not contrary to or an unreasonable application of federal law. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.